UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JONATHAN H.,[1] | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:20-cv-03278-JPH-TAB ) |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security,[2] | ) ) ) ) |
| Defendant. | ) ) |

**ENTRY REVIEWING THE COMMISSIONER'S DECISION**

Plaintiff Jonathan H. (the "Plaintiff") seeks judicial review of the Social Security Administration's decision denying his petition for certain benefits. For the reasons that follow, the decision is **REVERSED** and the case **REMANDED**.

On April 2, 2018, Plaintiff applied for disability insurance benefits ("DIB") and supplemental security income ("SSI") from the Social Security Administration ("SSA") alleging disability beginning on December 1, 2016. [Dkt. 14-2 at 15.] His applications were initially denied on July 3, 2018, [Dkt. 14-2 at 92; Dkt. 14-2 at 101], and upon reconsideration on September 10, 2018, [Dkt. 14-2 at 112; Dkt. 14-2 at 123].

---

[1] To protect the privacy interests of claimants for Social Security benefits, and consistent with the recommendation of the Court Administration and Case Management Committee of the Administrative Office of the United States Courts, the Southern District of Indiana has opted to use only the first names and last initials of non-governmental parties in its Social Security judicial review opinions.

[2] Under Federal Rule of Civil Procedure 25(d), Kilolo Kijakazi automatically became the Defendant in this case when she was named as the Acting Commissioner of the SSA on July 9, 2021.

Administrative Law Judge Roy E. LaRoche Jr. (the "ALJ") conducted a hearing on January 13, 2020, [Dkt. 16-2 at 4–28], and issued a decision on February 10, 2020, concluding that the Plaintiff was not entitled to receive benefits, [Dkt. 14-2 at 12–26]. The Appeals Council denied review on October 27, 2020, making the ALJ's decision the final decision of the Commissioner. [Dkt. 14-2 at 1.]

On December 27, 2020, the Plaintiff timely filed this civil action asking the Court to review the denial of benefits according to 42 U.S.C. §§ 405(g) and 1383(c). [Dkt. 1.]

## I.
### APPLICABLE LAW

"The Social Security Administration (SSA) provides benefits to individuals who cannot obtain work because of a physical or mental disability." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1151 (2019). Disability is the inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." *Stephens v. Berryhill*, 888 F.3d 323, 327 (7th Cir. 2018) (citing 42 U.S.C. § 423(d)(1)(A)). "The standard for disability claims under the Social Security Act is stringent." *Williams-Overstreet v. Astrue*, 364 F. App'x 271, 274 (7th Cir. 2010). "Even claimants with substantial impairments are not necessarily entitled to benefits, which are paid for by taxes, including taxes paid

by those who work despite serious physical or mental impairments and for whom working is difficult and painful." *Id.* at 274.

When an applicant appeals an adverse benefits decision, this Court's role is limited to ensuring that the ALJ applied the correct legal standards and that the ALJ's decision is supported by substantial evidence. *Stephens*, 888 F.3d at 327. For the purpose of judicial review, "substantial evidence" is such relevant "evidence that 'a reasonable mind might accept as adequate to support a conclusion.'" *Zoch v. Saul*, 981 F.3d 597, 601 (7th Cir. 2020) (quoting *Biestek*, 139 S. Ct. at 1154). And even if reasonable minds could differ on the ALJ's assessment of witness testimony, the Court will not reweigh the evidence or substitute its judgment for that of the ALJ. *Zoch*, 981 F.3d at 602. "Although this Court reviews the record as a whole, it cannot substitute its own judgment for that of the SSA by reevaluating the facts, or reweighing the evidence to decide whether a claimant is in fact disabled." *Stephens*, 888 F.3d at 327. Reviewing courts also "do not decide questions of credibility, deferring instead to the ALJ's conclusions unless 'patently wrong.'" *Zoch*, 981 F.3d at 601 (quoting *Summers v. Berryhill*, 864 F.3d 523, 528 (7th Cir. 2017)). The Court does "determine whether the ALJ built an 'accurate and logical bridge' between the evidence and the conclusion." *Peeters v. Saul*, 975 F.3d 639, 641 (7th Cir. 2020) (quoting *Beardsley v. Colvin*, 758 F.3d 834, 837 (7th Cir. 2014)).

The SSA applies a five-step evaluation to determine whether the claimant is disabled. *Stephens*, 888 F.3d at 327 (citing 20 C.F.R. § 404.1520(a)(4); 20 C.F.R. § 416.920(a)(4)). The ALJ must evaluate the following, in sequence:

> (1) whether the claimant is currently [un]employed; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment meets or equals one of the impairments listed by the [Commissioner]; (4) whether the claimant can perform [his] past work; and (5) whether the claimant is capable of performing work in the national economy.

*Clifford v. Apfel*, 227 F.3d 863, 868 (7th Cir. 2000), *as amended* (Dec. 13, 2000) (citations omitted).³ "If a claimant satisfies steps one, two, and three, [he] will automatically be found disabled. If a claimant satisfies steps one and two, but not three, then [he] must satisfy step four. Once step four is satisfied, the burden shifts to the SSA to establish that the claimant is capable of performing work in the national economy." *Knight v. Chater*, 55 F.3d 309, 313 (7th Cir. 1995).

After Step Three, but before Step Four, the ALJ must determine a claimant's residual functional capacity ("RFC") by evaluating "all limitations that arise from medically determinable impairments, even those that are not severe." *Villano v. Astrue*, 556 F.3d 558, 563 (7th Cir. 2009). In doing so, the ALJ "may not dismiss a line of evidence contrary to the ruling." *Id.* The ALJ uses the RFC at Step Four to determine whether the claimant can perform his own past relevant work and if not, at Step Five to determine whether the claimant can perform other work. *See* 20 C.F.R. § 404.1520(a)(4)(iv), (v). The burden of proof is on the claimant for Steps One through Four; only at Step Five does the burden shift to the Commissioner. *See Clifford*, 227 F.3d at 868.

---

³ The Code of Federal Regulations contains separate, parallel sections concerning DIB and SSI, which are identical in most respects. Cases like *Clifford* may reference the section pertaining to one type of benefits. 227 F.3d at 868 (citing 20 C.F.R. § 404.1520). Generally, a verbatim section exists establishing the same legal point with both types of benefits. *See, e.g.*, 20 C.F.R. § 416.920. The Court will not usually reference the parallel section but will take care to detail any applicable substantive differences.

If the ALJ committed no legal error and substantial evidence exists to support the ALJ's decision, the Court must affirm the denial of benefits. *Stephens*, 888 F.3d at 327. When an ALJ's decision does not apply the correct legal standard, a remand for further proceedings is usually the appropriate remedy. *Karr v. Saul*, 989 F.3d 508, 513 (7th Cir. 2021). Typically, a remand is also appropriate when the decision is not supported by substantial evidence. *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 355 (7th Cir. 2005).

## II.
### BACKGROUND

The Plaintiff was 37 years old when his alleged disability began. [Dkt. 14-2 at 185.] He has completed high school and worked as an equipment operator, laborer, maintenance technician, material handler, and order filler. [Dkt. 14-2 at 211.][4]

The ALJ followed the five-step sequential evaluation set forth by the SSA in 20 C.F.R. § 404.1520(a)(4) and concluded that the Plaintiff was not disabled. [Dkt. 14-2 at 25–26.] Specifically, the ALJ found as follows:

- At Step One, the Plaintiff had not engaged in substantial gainful activity[5] since December 1, 2016, the alleged onset date. [Dkt. 14-2 at 17.]

- At Step Two, he had "the following severe impairments: degenerative disc disease of the lumbar spine and obesity." *Id.* (citations omitted).

---

[4] The relevant evidence of record is amply set forth in the parties' briefs and need not be repeated here. Specific facts relevant to the Court's disposition of this case are discussed below.

[5] Substantial gainful activity is defined as work activity that is both substantial (*i.e.*, involves significant physical or mental activities) and gainful (*i.e.*, work that is usually done for pay or profit, whether or not a profit is realized). 20 C.F.R. § 404.1572(a).

- At Step Three, he did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. [Dkt. 14-2 at 19.]

- After Step Three but before Step Four, the Plaintiff had the RFC "to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except he can occasionally perform postural activities but he can never climb ladders, ropes, and scaffolds." [Dkt. 14-2 at 20.]

- At Step Four, relying on the testimony of the vocational expert ("VE") and considering the Plaintiff's RFC, he could not perform any of his past relevant work as a building maintenance technician, equipment operator, order picker, cabinet assembler, and material handler. [Dkt. 14-2 at 24.]

- At Step Five, considering the VE's testimony and the Plaintiff's age, education, work experience, and RFC, he could perform other work with jobs existing in significant numbers in the national economy in representative occupations like a dowel inspector, escort vehicle driver, and document preparer. [Dkt. 14-2 at 25.]

## III.
### DISCUSSION

The Plaintiff argues that the ALJ erred by (A) relying on medical records that do not pertain to him, and (B) making findings regarding a time period that had already been adjudicated in a previous decision. [Dkt. 19 at 1.]

### A. Medical Records Pertaining to a Different Patient

The certified record here contains a medical exhibit consisting of 50 pages of someone else's medical records. [Dkt. 14-3 at 10–57 (Exhibit B2F).][6] These records were reviewed and considered throughout the administrative phase of the case—apparently with nobody noticing that they were not the Plaintiff's

---

[6] This person—the "other" Jon H.—has the same first and last name as the Plaintiff. We know the records in question are those of the "other" Jon H. because of different personal identifying information. [*See, e.g.*, Dkt. 14-3 at 52.]

6

medical records. On multiple occasions in the decision, the ALJ cited these records in support of his findings. [Dkt. 14-2 at 19; Dkt. 14-2 at 20; Dkt. 14-2 at 22.] For instance, the ALJ found that the prior administrative medical findings of the state agency psychological consultants were persuasive, in part, because their conclusions were consistent with mental status examination findings contained in these records. [Dkt. 14-2 at 23–24.] The ALJ also found that the state agency medical consultants' findings were persuasive. [Dkt. 14-2 at 23.]

The ALJ was not the only person who reviewed and considered the medical records that were not the Plaintiff's. State agency consultants are presumed to have considered the evidence that was in the record at the time of their reviews. *See Scheck v. Barnhart,* 357 F.3d 697, 700–01 (7th Cir. 2004). Here, the medical consultants summarized medical evidence from the erroneous exhibit. [*Compare* Dkt. 14-2 at 44 (consultants' findings of fact and analysis of evidence referencing April 2018 treatment visit) *with* Dkt. 14-3 at 10–11 (April 2018 treatment visit in Exhibit B2F).]

The Plaintiff contends that the ALJ's decision is not supported by substantial evidence because both the ALJ and state agency consultants relied on by the ALJ based their findings in part on someone else's medical records. [Dkt. 19 at 7–8.]

A disability claimant is entitled to a fair process. *Richardson v. Perales,* 402 U.S. 389, 401–02 (1971). The Seventh Circuit has explained that "[t]he ALJ also has a basic obligation to develop a full and fair record, and must build an accurate and logical bridge between the evidence and the result to afford the

7

claimant meaningful judicial review of the administrative findings." *Beardsley v. Colvin,* 758 F.3d 834, 837 (7th Cir. 2014) (citations omitted). "A reversal and remand may be required . . . if the ALJ based the decision on serious factual mistakes . . . ." *Id.* (citations omitted).

The Commissioner does not dispute that the ALJ erred by failing to develop a full and fair record when he relied on another person's medical records. But the Commissioner argues that the error was harmless. [Dkt. 20 at 7.] Specifically, she contends that each time the ALJ cited the erroneous exhibit, there were also citations to other evidence pertaining to the Plaintiff that support the ALJ's findings. [Dkt. 20 at 7–8.] The Commissioner also contends that "on closer inspection," the reviewing consultants did not expressly rely on the evidence from the erroneous exhibit to support their RFC assessments. [Dkt. 20 at 8.]

An error is harmless only if the Court can " predict[ ] with great confidence that the agency will reinstate its decision on remand because the decision is overwhelmingly supported by the record." *Spiva v. Astrue,* 628 F.3d 346, 353 (7th Cir. 2010). On this record with the unusual fact of reliance on medical records that were not the Plaintiff's, the Court cannot conclude that the ALJ's findings are overwhelmingly supported by record evidence. *See id.* It's impossible to know exactly how the proceedings were impacted by the ALJ's and the medical consultants' review and consideration of the wrong records. For the consultants, there's no evidence to support the medical determination that they would have reached the same conclusions had they not reviewed the wrong

8

evidence. The ALJ then relied on those consultants' assessments, creating a layered error and compounding the risk that use of the wrong records influenced the benefits denial. Similarly, the Court cannot conclude from the record before it that there is a logical bridge between the evidence—which included someone else's medical records—and the ALJ's conclusions about Plaintiff. The Court therefore does not have "great confidence" that the same result would be reached on remand in the absence of the erroneous medical records. *See Spiva*, 628 F.3d at 353.

Indeed, the Commissioner cites no cases holding that even analogous errors were harmless. *See* dkt. 20 at 5–8. Accordingly, remand is necessary to correct the error and ensure the integrity of the administrative process.

### B. Prior Adjudicated Period

The Plaintiff also contends that because the ALJ considered a time period beginning with the Plaintiff's alleged onset date, December 1, 2016, and a previous decision by another administrative law judge had already adjudicated part of that time period through May 31, 2017, the ALJ constructively reopened the prior decision without providing the Plaintiff with adequate notice of a proposed revision. [Dkt. 19 at 9–10.] However, based on the need to remand to correct the error explained above, the ALJ's decision is reversed and the issue concerning the prior adjudicated period is rendered moot.

## IV.
## CONCLUSION

For the reasons detailed herein, the Court **REVERSES** the ALJ's decision denying the Plaintiff benefits and **REMANDS** this matter for further proceedings

9

under 42 U.S.C. § 405(g) (sentence 4) as detailed above.  Final judgment will issue accordingly.

**SO ORDERED.**

Date: 9/28/2022

                                                   *James Patrick Hanlon*
                                                 James Patrick Hanlon
                                                 United States District Judge
                                                 Southern District of Indiana

Distribution:

Annette Lee Rutkowski
LAW OFFICE OF ANNETTE RUTKOWSKI LLC
Annetter@AnnetteAtty.com

Catherine Seagle
SOCIAL SECURITY ADMINISTRATION
catherine.seagle@ssa.gov

Julian Clifford Wierenga
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
julian.wierenga@usdoj.gov